*MHW*

# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

Date    **December 12, 2007**

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

Case Number    **05 B 16679**

Case Name    **South Beach Securities, Inc**

Notice of Appeal Filed    **November 14, 2007**

Appellant    **Scattered Corporation**

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | | |
|---|---|---|
| ☐ Transmittal Letter and Civil Cover Sheet | ☑ | Supplemental to the Record |
| ☑ Designation | ☐ | Notice of Appeal |
| ☐ Statement of Issues | ☐ | Copy of Documents Designated |
| ☐ Transcript of Proceeding | ☐ | Exhibits |
| | ☐ | Expedited Notice of Appeal |
| | ☐ | Certified Copy of Docket Sheet |

**FILED**
*12-11-2007*
DEC 1 1 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Additional Items Included

☑ **Appellee Designation**

_____

☐ Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record on Appeal

☐ _____

Previous D C Judge    **Lefkow**    Case Number    07 C 6532

By Deputy Clerk    Carel Dell Weston

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )      BANKRUPTCY CASE NO. 05-16679
                                    )
                                    )      DIS. CT. CASE NO. 1:07-cv-06532
SOUTH BEACH SECURITIES, INC.        )
                                    )      JUDGE A. BENJAMIN GOLDGAR
        DEBTOR.                     )

## APPELLEE UNITED STATES TRUSTEE'S DESIGNATION
## OF ADDITIONAL ITEMS FOR RECORD ON APPEAL

Now comes William T. Neary, the United States Trustee for the Northern District of Illinois,

by and through his attorney, Cameron M. Gulden, and pursuant to Fed. R. Bankr. P. 8006 hereby

designates the following additional items to be included in the record on appeal:

| Docket No. | Date | Description |
|---|---|---|
| 1 | 04/27/2005 | Voluntary Petition Filed by South Beach Securities, Inc. |
| 6 | 06/01/2005 | Schedules A, B and D-H Filed by South Beach Securities, Inc. |
| 7 | 06/01/2005 | Statement of Financial Affairs Filed by South Beach Securities, Inc. |
| 97 | 01/03/2007 | Supplemental Statement of Financial Affairs Filed by South Beach Securities, Inc. |
| 121 | 03/07/2007 | Reply to Response Filed by the U.S. Trustee |

Dated: December 6, 2007            Respectfully submitted,

                                   William T. Neary
                                   UNITED STATES TRUSTEE

                                   /s/ Cameron M. Gulden
                                   Cameron M. Gulden
                                   OFFICE OF THE UNITED STATES TRUSTEE
                                   227 W. Monroe Street, Suite 3350
                                   Chicago, IL 60606
                                   (312) 886-2614

(Official Form 1) (12/03)

| FORM B1 | **United States Bankruptcy Court**<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**SOUTH BEACH SECURITIES, INC.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**64-0691797** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**330 S. Wells, Suite No. 718**<br>**Chicago, IL 60606** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:    **Cook** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7    ■ Chapter 11    ☐ Chapter 13 | |
| ■ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other_____ | ☐ Clearing Bank | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☐ Consumer/Non-Business    ■ Business | ■ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only.) |
| ☐ Debtor is a small business as defined in 11 U.S.C.  § 101 | Must attach signed application for the court's consideration |
| ☐ Debtor is and elects to be considered a small business under | certifying that the debtor is unable to pay fee except in installments. |
| 11 U.S.C.  § 1121(e) (Optional) | Rule 1006(b). See Official Form No. 3. |

**Statistical/Administrative Information** (Estimates only)
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |

(Official Form 1) (12/03)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**SOUTH BEACH SECURITIES, INC.** | FORM B1, Page 2 |
|---|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  - None - | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)
**Louis D. Bernstein (ARDC # 6192379)**
Printed Name of Attorney for Debtor(s)
**Gould & Ratner**
Firm Name
**222 North LaSalle Street**
**Suite 800**
**Chicago, IL 60601-1003**
Address                    **Email: gr@gouldratner.com**
**312-236-3003 Fax: 312-236-3241**
Telephone Number
**April 27, 2005**
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
**Leon Greenblatt**
Printed Name of Authorized Individual
**Authorized Agent**
Title of Authorized Individual
**April 27, 2005**
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)          Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C.§ 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.

Form B6F
(12/03)

In re    **SOUTH BEACH SECURITIES, INC.**
_____ ,    Case No. _____
                                   Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Scattered Corporation** **330 S. Wells St.** **Chicago, IL 60606** | | - | | | | | 3,297,489.00 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

__0__    continuation sheets attached

|  | Subtotal (Total of this page) | 3,297,489.00 |
|---|---|---|
|  | Total (Report on Summary of Schedules) | 3,297,489.00 |

## United States Bankruptcy Court
### Northern District of Illinois

In re   **SOUTH BEACH SECURITIES, INC.**

Debtor(s)

Case No.

Chapter   **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Authorized Agent of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **April 27, 2005**

Leon Greenblatt/Authorized Agent
Signer/Title

Scattered Corporation
330 S. Wells St.
Chicago, IL 60606

In re    **SOUTH BEACH SECURITIES, INC.**

Case No. ___**05-16679**___

Debtor

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W." "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. (See Schedule D.) If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None | | | | |

FILED

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 0 1 2005

KENNETH S. GARDNER, CLERK
TEAM - E

| | | |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    **SOUTH BEACH SECURITIES, INC.**                                    Case No. ___**05-16670**___

_____,
                            Debtor

# SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

                                                              Sub-Total >              **0.00**
                                                          (Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re    **SOUTH BEACH SECURITIES, INC.**

Case No. ____**05-16679**_____

_____
Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Health Risk Management, Inc.** | - | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >     **0.00**
(Total of this page)

Sheet __**1**__ of __**2**__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

In re    **SOUTH BEACH SECURITIES, INC.**                                    Case No. ____ **05-16679** _____

_____
                          Debtor

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. | X | | | |

|  | |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 0.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form 66E
(12/04)

In re   **SOUTH BEACH SECURITIES, INC.**            Case No.   **05-16679**

                                     Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(3).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

    Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

    Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                              **0**   continuation sheets attached

Form B4D
(12/03)

In re    **SOUTH BEACH SECURITIES, INC.**

Case No. ___**05-16879**___

_____,
Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

■  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

___0___ continuation sheets attached

| | Subtotal (Total of this page) | |
|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form 06F
(12/03)

In re    **SOUTH BEACH SECURITIES, INC.**                                    Case No. ____05-16679____
_____
                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| Scattered Corporation 530 S. Wells St. Chicago, IL 60606 | | - | | | | | | 3,297,489.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

|  |  | Subtotal (Total of this page) | 3,297,489.00 |
|---|---|---|---|
| **0**    continuation sheets attached | | Total (Report on Summary of Schedules) | 3,297,489.00 |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                              S/N:28452-050418    Best Case Bankruptcy

In re    **SOUTH BEACH SECURITIES, INC.**                                          Case No.    **05-16679**

                                                          Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:   A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**    continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2005 - Best Case Solutions, Inc - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re    **SOUTH BEACH SECURITIES, INC.**                                    Case No. ___**05-16679**___
_____
Debtor

# SCHEDULE H. CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
|  |  |

**0**    continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

## United States Bankruptcy Court
### Northern District of Illinois

In re   SOUTH BEACH SECURITIES, INC.

Debtor(s)

Case No.   **05-16679**

Chapter   **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Authorized Agent of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __10__ sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____ 5  31  2005 _____

Signature _____
Leon Greenblatt
**Authorized Agent**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form 7
(12/03)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **SOUTH BEACH SECURITIES, INC.**                          Case No.    **05-16679**
                                         Debtor(s)              Chapter      **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

"*In business.*" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed.

"*Insider.*" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

#### 1. Income from employment or operation of business

None ☐    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT          SOURCE (if more than one)
**$0.00**          **No income for last two years.**

#### 2. Income other than from employment or operation of business

None ☐    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT          SOURCE
**$0.00**          **None.**

2

### 3. Payments to creditors

None ■
a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None ■
b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ■
a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |

None ■
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 5. Repossessions, foreclosures and returns

None ■
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None ■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None ■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ■  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 10. Other transfers

None ■  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

### 11. Closed financial accounts

None ■  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

4

### 13. Setoffs

None ■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR                      DATE OF SETOFF                                    AMOUNT OF SETOFF

### 14. Property held for another person

None ■
List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER
DESCRIPTION AND VALUE OF PROPERTY
LOCATION OF PROPERTY

### 15. Prior address of debtor

None ■
If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                          NAME USED                                          DATES OF OCCUPANCY

### 16. Spouses and Former Spouses

None ■
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■
a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS
NAME AND ADDRESS OF GOVERNMENTAL UNIT
DATE OF NOTICE
ENVIRONMENTAL LAW

None ■
b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS
NAME AND ADDRESS OF GOVERNMENTAL UNIT
DATE OF NOTICE
ENVIRONMENTAL LAW

5

None
■
c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                    DOCKET NUMBER                    STATUS OR DISPOSITION

### 18 . Nature, location and name of business

None
■
a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

    If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

    If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|-------------------------|---------|--------------------|-----------------------------|

None
■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                              ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
■
a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED

None
■
b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                    DATES SERVICES RENDERED

None
■
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                              ADDRESS

None
■
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                                    DATE ISSUED

### 25. Pension Funds.

None
■

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                           TAXPAYER IDENTIFICATION NUMBER

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ___5 31 2 00 5___          Signature _____
                                              Leon Greenblatt
                                              Authorized Agent

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

7

None  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

DATE ISSUED

NAME AND ADDRESS

**20. Inventories**

None  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

DATE OF INVENTORY        INVENTORY SUPERVISOR

None b. List the name and address of the person having possession of the records of each of the two inventories reported in a. above.

NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

DATE OF INVENTORY

**21 . Current Partners, Officers, Directors and Shareholders**

None a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS            NATURE OF INTEREST            PERCENTAGE OF INTEREST

None b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, □ controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

NAME AND ADDRESS            TITLE

NOLA LLC        330 So Wells St #718 Chi IL 60606        100%

**22 . Former partners, officers, directors and shareholders**

None  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME            ADDRESS            DATE OF WITHDRAWAL

None b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS            TITLE            DATE OF TERMINATION

K

**23 . Withdrawals from a partnership or distributions by a corporation**

 If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |

**24. Tax Consolidation Group.**

 If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER

**25. Pension Funds.**

 If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I _____ the _____ of _____ that I have read the _____ answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature _____

_____ persons who prepare or file a bankruptcy case or a corporation or partnership must indicate position or relationship to debtor.

_____ Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SOUTH BEACH SECURITIES, INC. | ) | CASE NO. 05 B 16679 |
| | ) | |
| DEBTOR. | ) | JUDGE A. BENJAMIN GOLDGAR |

**REPLY OF THE UNITED STATES TRUSTEE TO DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S OBJECTION TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN OF REORGANIZATION**

William T. Neary, the United States Trustee for the Northern District of Illinois, by and through his attorneys, Cameron M. Gulden and M. Gretchen Silver, hereby replies to the Debtor's Response to the U.S. Trustee's objection to the adequacy of the Debtor's Disclosure Statement and to confirmation of the Debtor's Plan of Reorganization.

**I. SUMMARY OF REPLY**

The Court should deny confirmation of Debtor's plan. The law of the case doctrine does not preclude this result because confirmation was not the issue before the district court when this case was on appeal. The Debtor's plan cannot be confirmed because the confirmation requirement of Section 1129(a)(10) has not been satisfied and because the disclosure statement is inadequate.

**II. THE LAW OF THE CASE DOES NOT PRECLUDE DENYING CONFIRMATION**

At the conclusion of the evidentiary hearing on this matter the Court requested the parties to address the application of the doctrine of the law the case to this matter. Upon examination of the doctrine, the Court should find that it has no application to whether the Debtor's plan should be confirmed.

## A. What the Law of the Case Doctrine Stands For

The principle embodied in the law of the case doctrine is that "once an issue is litigated and decided," that same matter should be ended and not re-litigated. *Ienco v. Angarone*, 429 F.3d 680, 684 (7th Cir. 2005); *In re PCH Assoc.*, 949 F.2d 585, 592 (2nd Cir. 1991); *In re Christopher K*, 841 N.E. 2d 945, 956 (Ill. 2005) (finding the doctrine's purpose "to avoid indefinite relitigation of the same issues, to obtain consistent results in the same litigation, and to ensure that lower courts follow the decisions of appellate courts").

## B. What the Law of the Case Doctrine Does Not Stand For

The doctrine does not apply (i) to issues which are similar but contain different elements, *In re Christopher K*, 841 N.E.2d at 956-959,[1] (ii) to dicta, *Ienco v. Angarone*, 429 F.3d at 684, or (iii) to issues which might have been decided but were not, *In re KMart Corp.*, 310 B.R. 107, 118 (Bankr. N.D. Ill. 2004).

## C. What the District Court's Law of the Case Was Here

On appeal, the district court held that the Debtor's case could not be dismissed as bad faith under § 1112(b) based only on the fact that the Debtor's sole creditor is an insider. The law the parties addressed was § 1112(b) and the issue litigated by the parties was whether the case should be dismissed as bad faith under that section. The issue on appeal as stated by both the Debtor and the U.S. Trustee was whether the bankruptcy court abused its discretion in dismissing the case, and this was the issue addressed by the district court.

## D. What the District Court's Law of the Case Was Not

Plan confirmation was not before the district court and thus nothing involving confirmation

---

[1] This criminal law case is highly analogous here and merits close analysis because it involved two issues which shared similar points but were not, in fact, the *same* issue.

is the law of the case regarding whether to confirm the plan. Section 1129 was never addressed by the U.S. Trustee and was referenced only once in an illustrative "*see also*" parenthetical by the Debtor. An issue never even *mentioned* by one party, much less an issue not litigated by the parties, cannot be the law of the case.

Section 1129 was not and could not have been litigated by the parties, because the case was not at the confirmation stage, and the Debtor itself actively sought to draw a clear distinction between the § 1112(b) matter raised by the bankruptcy court being litigated by the parties and plan confirmation, stating "[i]t is not necessary, at this time, to predetermine is South Beach's plan is confirmable, that is for the confirmation process." Appellant's Brief, p.14, fn.6. Because § 1129 was not litigated by the parties and thus not ruled on by the district court, nothing involving confirmation is the law of the case here and the bankruptcy court is free to fully address that issue for the first time, unfettered by the district court's earlier ruling.

### III. THE DEBTOR'S PLAN IS UNCONFIRMABLE

The Debtor's plan cannot be confirmed because there is no accepting impaired class because the vote of the insider, Scattered, does not count. Section 1129(a)(10) specifically prohibits counting the votes of insiders when determining whether an impaired class has voted to accept the plan. Therefore, the Debtor has no impaired accepting class and the plan cannot be confirmed.

#### A. The Debtor's Sole Creditor Is an Insider

At the confirmation hearing it was established that Leon Greenblatt is South Beach and Leon Greenblatt is Scattered. Although the Debtor states in its Response that Greenblatt's "contact with South Beach is limited to his acting as the President of Teletech Systems, Inc., the non-member manager of South Beach's owner, Nola, LLC," the following uncontroverted facts show otherwise:

1. Only Greenblatt appeared for the Debtor at the plan and disclosure statement hearing.

-3-

2. Greenblatt signed the Debtor's petition as the authorized agent.

3. Only Greenblatt appeared as the Debtor's representative at the §341 meeting.

4. Greenblatt signed the Debtor's Monthly Operating Reports.

5. Only Greenblatt appeared pursuant to Rule 2004 subpoenas issued by the U.S. Trustee, though the late-added president Johnson was likewise subpoenaed.

The truth is that absolutely no one has appeared or acted in any way on behalf of the Debtor since the case was filed in April 2005 other than Greenblatt. Although the Debtor states that Greenblatt is "two steps removed from South Beach," Greenblatt himself created any illusion of distance. The shell corporations involving Greenblatt are numerous and intentionally structured, and the Debtor should not be excused from satisfying the plain requirement of § 1129(a)(10) simply because it clouded its relationship with its sole creditor, an insider.

Likewise, at no point since April 2005 has any individual stepped forth to advocate for Scattered, because Greenblatt is also Scattered. Although the Debtor attempts to paint Greenblatt as a mere "loan broker" in the loan from Loop to South Beach, the Debtor does not even address the fact that Greenblatt personally signed, *on behalf of Scattered*, as assignee in the assignment documents that created the debtor/creditor relationship between the Debtor and Scattered.

In addition, (1) according to the website of the South Dakota Secretary of State, Greenblatt is both an officer and director of Scattered; (2) according to the amended employment application of the Debtor's original counsel, Scattered "is owned, in part, by Leon Greenblatt"[2]; and (3) Greenblatt testified that he is the Secretary of Scattered. Greenblatt's numerous and substantial acts on behalf of both the Debtor and its sole creditor creates a relationship that merits careful scrutiny,

---

[2] Although Greenblatt testified at the confirmation hearing that he is not a part-owner of Scattered, the pleadings in which this statement was made were never corrected or withdrawn.

-4-

and there are more than sufficient facts to deem Scattered an insider under the broad scope of §

101(31).

The holding in *In Locke Mill Partners*, 178 B.R. 697 (Bankr. N.D.N.C. 1995) — that the

Debtor must show the creditor is not an insider and that an insider may be any person or entity

whose relationship with the debtor is sufficiently close so as to subject the relationship to careful

scrutiny — is not "inapposite" (as claimed by the Debtor) simply because the facts are not identical.

In fact, there appears not to be a single Chapter 11 opinion anywhere — and certainly the Debtor

has cited to none — involving a case where the debtor's sole creditor is an insider.

### B. The Court Should Not Ignore the Plain Statutory Language of § 1129(a)(10)

The statute at issue itself bears repeating: The court may only confirm a Chapter 11 plan "[i]f

a class of claims is impaired under the plan, at least one class of claims that is impaired under the

plan has accepted the plan, determined without including any acceptance of the plan by an insider."

Simply put, if the Debtor does not have a impaired class that has voted to accept the plan, without

counting insiders, the Debtor cannot satisfy § 1129(a)(10) and the plan cannot be confirmed.

The first rule of statutory construction is that the court should "begin by examining the plain

language of the statute, and if the language is not ambiguous, [it should] apply the plain meaning

of the statute to the facts before [it]." *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087,

1091 (7th Cir. 1999). Only if the statute is ambiguous should the court attempt to "discern legislative

intent by looking beyond the language to the scope, history, context, subject matter and object of

the statute." *Id.* at 1092 (citing *Kenison v. Wellington Ins. Co.*, 582 N.W.2d 69, 71 (1998). Only

if such a reading would lead to absurd results should the court go beyond the statute's plain

meaning. *Id.*

The U.S. Trustee agrees with the district court's general statement that there is no *"blanket*

prohibition on insider creditors collecting on their debts as part of a bankruptcy proceeding" (emphasis added). Corrected Memorandum and Order at p. 7. As long as a plan satisfies § 1129(a)(10) by having at least one impaired class, not counting insiders, vote to accept the plan, and as long as the other requirements of § 1129(a) are met, insider creditors may certainly collect as part of a Chapter 11 plan. However, what the Debtor *wants* § 1129(a)(10) to say, and precisely what it does not say, is this: The court may only confirm a plan if a class of claims is impaired under the plan and at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by an insider, *unless there are no other creditors in the case.*

The Debtor asks this Court to rewrite the statute to help it accomplish its tax goals, and the Court should not so oblige. Perhaps the Debtor's preferred language was not included in § 1129(a)(10) because Congress never envisioned a Chapter 11 case where the debtor's sole creditor would be an insider, which could certainly be the case since there appear to be no such decisions anywhere.[3] Whatever the reason, the language of the statute is undeniably clear: A plan may not be confirmed where there is no impaired class, not counting insiders, voting to accept the plan. There is no such class here, and the plan cannot be confirmed.

## IV. THE DEBTOR'S PLAN VIOLATES § 1129(d)

Section § 1129(d) states that "on request of a party in interest that is a governmental unit, the court may not confirm a plan if the principal purpose of the plan is the avoidance of taxes . . .

---

[3] The Debtor cites only one case (but to no particular page), *In re Federated Dept. Stores Inc.*, 1992 WL 605483 (Bankr. S.D. Ohio 1992), for its hoped-for addition to § 1129(a)(10), incredibly stating that "in a similar situation" the Ohio court indicated "that § 1129(a)(10) can be satisfied through the vote of a single insider creditor." Response at p.5. The case, however, which involved a massive corporate debtor with actual employees, actual creditors, and the payment of actual claims, stands for no such proposition. In any event, the confirmation order makes it clear that there were, in fact, impaired non-insider classes voting to accept the plan, *id.* at *9, so § 1129(a)(10) was thus satisfied.

." The Debtor questions whether the U.S. Trustee has standing under this provision by denying that the U.S. Trustee is a "governmental unit," but the Debtor misreads the statute.

### A. The U.S. Trustee Is a Governmental Unit

United States Trustees are officials of the Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases and trustees. *See* 28 U.S.C. 581-89 (specifying the powers and duties of U.S. Trustees); *see also In re Columbia Gas Sys., Inc.*, 33 F.3d 294, 296 (3rd Cir. 1994) (U.S. Trustees oversee the bankruptcy process, protect the public interest, and ensure that bankruptcy cases are conducted according to law) (*citing* H.R. Rep. No. 95-595, 109 (1977)). Section 101(27) defines "governmental unit" as a department of the United States "(but not the United States trustee *while serving as a trustee in a case* under this title)" (emphasis added). Thus, because the U.S. Trustee is not serving as a trustee in this case, it is a governmental unit with standing to raise the § 1129(d) objection. Properly before the Court, therefore, is whether the principal purpose of Debtor's plan is the avoidance of taxes.

### B. The Only Purpose of the Debtor's Plan Is Tax Avoidance

Despite the Debtor's eleventh-hour creation of a brand new purpose for its 2005 Chapter 11 filing, namely, that it must use the bankruptcy process to cope with litigation involving the Debtor's parent — a purpose mentioned nowhere in the Debtor's 37-page Disclosure Statement or 36-page Plan — the *only* purpose of the Debtor's case is and has always been to use its net operating losses to substantially offset its taxable income, *i.e.* tax avoidance.

Only *after* the U.S. Trustee's § 1129(d) objection did the Debtor create a new purpose, despite the fact that from the time of the § 341 Meeting in June 2005 to the confirmation hearing in January 2007, the Debtor had been clear that its purpose was to "monetize" its NOLs. Specifically, according to the Debtor's Disclosure Statement, "the only way to monetize the sole valuable asset

of the Debtor — the NOLS — is the[sic] for the Debtor to cancel its current stock, issue New Stock and allow its post-confirmation equity to utilize the tax benefits of the NOLs." <u>Disclosure Statement at p.7</u>.

What is also brand new is the Debtor's assertion that exactly what it said could *only* be achieved through bankruptcy can now, in fact, be accomplished outside of bankruptcy. The Debtor now states for the first time that "all of this could be accomplished contractually outside of reorganization except for all the risks and costs of litigation with its parent." <u>Response at p. 13</u>. What the ambiguous "risks and costs" of the litigation are have never disclosed by the Debtor, either in its Disclosure Statement or at the confirmation hearing: Who are the plaintiffs?  What is the nature of the suits?  What is the status of the litigation?  How, precisely, would the outcome of each suit impact the Debtor?  Though lawsuits having a direct impact on a Chapter 11 debtor are nearly always discussed in a disclosure statement, such is not the case here because the Debtor's only purpose is to avoid taxes.

## V.  THE DEBTOR'S PLAN VIOLATES §1141(d)(3)

The Disclosure Statement provides that

> ...upon the Effective Date, the provisions of the Plan shall bind all Holders of Claims and Equity Interests, whether or not they accept the Plan, and, except as to Classes which are not impaired, discharge the Debtor and the Reorganized Debtor from all Claims that arose before the Petition Date.  The distributions provided for Creditors shall not be subject to any Claim by another Creditor by reason of any assertion of a contractual right of subordination.

<u>Disclosure Statement, p.22</u>.  This discharge provision violates §1141(d)(3) of the Code.  Section 1141(d)(3) denies a discharge to a debtor when,

> (A)  the plan provides for the liquidation of all or substantially all of the property of the estate;

-8-

(B) the debtor does not engage in business after consummation of the plan; and

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. §1141(d)(3). This section of the Code and the case law interpreting it are clear that a discharge is not available to a corporate debtor who proposes a liquidating plan of reorganization. *In re Wood Family Interests, Ltd.*, 135 B.R. 407, 410 (Bankr. D.Colo. 1989). Denial of a discharge in a liquidating corporate case was designed to avoid the trafficking in corporate shells. *In re Maxim Industries, Inc.*, 22 B.R. 611, 613 (Bankr. D.Mass. 1982) (citing House Report No. 95-595, 95th Cong., 1st Sess. 384-385 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 98-99 (1978), U.S.Code Cong. & Admin. News 1978, 5787). In *Maxim*, the court held that "[c]hapter 11 was not designed to permit the use of shell corporations for the personal benefit of the officers of the corporation." *Id*. The Plan appears to be a mechanism whereby Greenblatt will transfer ownership of a nonoperational entity to another of his entities to utilize the NOL carryovers for his personal benefit or for the benefit of an entity under his ownership and/or control.

The Debtor, as a corporation, is not entitled to a discharge under Section 727(a) of the Code. Also, the Disclosure Statement is clear that the Debtor does not engage in business:

1.    "The Debtor is not an operating business, hence, after the Petition Date, there has been no "operation" of the Debtor's business."

2.    "The Debtor is not an operating company. Thus, the Debtor's net receipts and disbursements since the Petition Date (as reflected in the monthly operating reports filed by the Debtor in the Reorganization Case) are $-0-."

Disclosure Statement, p.7.

These disclosures that there are no operations are consistent with Mr. Greenblatt's testimony,

under oath, at the Section 341 Meeting and at the confirmation hearing.[4]  At the hearing, Mr. Greenblatt testified that there has been no business operations since at least 2001. Finally, the Plan contemplates the liquidation of all or substantially all of the property of the estate. Regardless of how a liquidation is accomplished, if it is accomplished in conjunction with § 1141(d)(3)'s other elements, it prevents a debtor in possession from receiving a discharge. The Disclosure Statement provides that "[a]s of the Petition Date, the sole asset of the Debtor is an [sic] NOL carryovers for U.S. federal income tax purposes, pursuant to section 382 of the Internal Revenue Code." Disclosure Statement, p.6.

The Debtor admits that the purpose of the Plan is to "monetize" or utilize its sole asset. The Plan does not propose any business operations; rather, the Plan is a means to monetize the NOLs (in other words, liquidate) the tax benefits of the NOLs. See Disclosure Statement, p.6. Instead of a traditional sale, the Debtor is camouflaging the liquidation by transferring ownership of the NOLs via the issuance of new stock. Call it what you will, but the end result is the same: Debtor is liquidating its sole asset, the NOLs and the Debtor is not entitled to a discharge pursuant to 11 U.S.C. §1141(d)(3).

## VI. CONCLUSION

The Debtor's plan cannot be confirmed because it does not satisfy § 1129(a)(10).  Though the Debtor asks the Court to find that the relationship between the Debtor and its sole creditor does not merit careful scrutiny, the testimony and evidence show otherwise. Mr. Greenblatt has been the

---

[4] At the conclusion of the confirmation hearing in response to the Court's questions, Greenblatt attempted to convey the idea that the Debtor would have ongoing operations, but his answers were vague and lacked any actual details. Debtor's Disclosure Statement at p. 7 states clearly that "[t]he Debtor is not an operating business" and again that "[t]he Debtor is not an operating company." Also as noted by the Debtor, all of the filed Monthly Operating reports report receipts and disbursements of $0. No pleading or testimony until that point indicated plans for any ongoing operations of any kind and no evidence has been submitted substantiating this new claim.

only party acting on behalf of the Debtor and has acted in substantial ways on behalf of the only creditor. Thus because Scattered is an insider of the Debtor, its vote does not count in determining whether an impaired class of creditors has accepted the Plan. Without Scattered's vote, Debtor does not have an accepting impaired class of creditors and has failed to satisfy the requirement of § 1129(a)(10) and confirmation must be denied. If the Court does not determine that Scattered is an insider, confirmation must still be denied because the plan violates § 1141(d)(3).

In addition, the Debtor's Disclosure Statement is inadequate because it contains conflicting information about the past and present ownership of the Debtor and its treatment of its sole creditor, Scattered, and wholly fails to address previously-disclosed assets of the estate, the history of the Debtor and discussion of its ongoing operations post-confirmation.

For the reasons stated above the U.S. Trustee respectfully requests that approval of the Disclosure Statement be denied, that Plan confirmation be denied, and for any further relief that this Court deems just and equitable.


Dated: March 7, 2007                         Respectfully submitted,

                                             William T. Neary
                                             UNITED STATES TRUSTEE

                                             /S/ Cameron M. Gulden
                                             Cameron M. Gulden
                                             Attorney ID #0310931

                                             /S/ M. Gretchen Silver
                                             M. Gretchen Silver
                                             Attorney ID #6204419

                                             Office of the United States Trustee
                                             227 W. Monroe Street, Ste. 3350
                                             Chicago, IL 60606
                                             (312) 886-5785

-11-

## CERTIFICATE OF SERVICE

To: See Attached Service List

I, Cameron M. Gulden, attorney, state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, service of the **REPLY OF THE UNITED STATES TRUSTEE TO DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S OBJECTION TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN OF REORGANIZATION** on all persons identified as Registrants on the service list below was accomplished through the Court's Electronic Notice for Registrants on March 7, 2007.

### SERVICE LIST
### South Beach Securities, Inc.
### 05 B 16679

**Parties Served Through the Court's Electronic Notice for Registrants**
Scott R. Clar
sclar@craneheyman.com

**Parties Served via First Class Mail**
South Beach Securities, Inc.
Leon Greenblatt
330 South Wells
Suite No. 718
Chicago, IL 60606