MHN

FILED
DEC 12 2007
12-12-2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-cv-06532 |
| | ) | |
| SOUTH BEACH SECURITIES, INC., a | ) | Hon. Joan H. Lefkow |
| Mississippi corporation, | ) | |
| | ) | Hearing: Tuesday, Dec. 18, 2007 |
| Debtor. | ) | at 9:30 a.m. |

## NOTICE OF FILING

TO:   See Attached List

Please take notice that on December 12, 2007 I caused the attached Appellant Leon Greenblatt's Statement of Issues to be Presented and Designation of Content of Record on Appeal to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.

LEON GREENBLATT, pro se
330 South Wells, Suite 711
Chicago, Illinois 60606
312-341-4040



FILED
DEC 12 2007   NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-cv-06532 |
| | ) | |
| SOUTH BEACH SECURITIES, INC., a | ) | Hon. Joan H. Lefkow |
| Mississippi corporation, | ) | |
| | ) | |
| Debtor. | ) | |

## APPELLANT LEON GREENBLATT'S STATEMENT OF ISSUES TO BE PRESENTED AND DESIGNATION OF CONTENT OF RECORD ON APPEAL

Leon Greenblatt, *pro se*, designates the following items of the record which he proposes to include in the record on appeal of the Order (the "Order") entered by United States Bankruptcy Judge A. Benjamin Goldgar in the Chapter 11 case denying confirmation of the Debtor's Plan dated November 1, 2007.

### Statement of Issues

1. Did the Bankruptcy Court err in its interpretation of 11 U.S.C. § 1129(a)(10), specifically, its requirement that an impaired non-insider class accept the Plan, where Debtor has no non-insider creditors?

2. Did the Bankruptcy Court err in its interpretation of Debtor's Plan as solely for the purpose of tax avoidance, and therefore in violation of 11 U.S.C. § 1129(d)?

3. Did the Bankruptcy Court err in stating that it would admit the transcript of Leon Greenblatt's Bankruptcy Rule 2004 examination into evidence at the confirmation hearing but not for the purpose of impeaching Leon Greenblatt and then citing his examination testimony to impeach him in the memorandum opinion denying confirmation of the South Beach plan of reorganization?

Bankruptcy Court's discussion of examination testimony of Mr. Greenblatt:

THE COURT: All right. Exhibits B and C are admitted. Exhibit A is the partial transcript, I believe.

MR. GULDEN: It should be the whole thing, Judge.

THE COURT: Is it?

MR. GULDEN: Yes, Judge.

MR. CLAR: Your Honor, the only objection I would interpose is that the statutory time period for Mr. Greenblatt to have reviewed the transcript for errors and omissions has not expired yet. So, therefore, I don't think it is appropriate to admit it just yet.

THE COURT: When does it expire?

MR. CLAR: Probably at or around February 4th. The other thing is that he is available to testify, so I don't even know why we need it.

THE COURT: Well, I sort of wondered about that as well. I mean, I don't know, I have seen this done before actually. It may not be necessary.

MR. CLAR: Well, to the extent it is being used to impeach him, it is not appropriate because it hasn't been reviewed yet so . . .

**THE COURT: It hasn't been used to impeach him.**

MR. CLAR: Right.

THE COURT: What's the point of offering the transcript?

MS. SILVER: The transcript was referenced in our objection. There were references to it with respect to various factual allegations made. We thought it was necessary to have the entire transcript available to prove that we weren't taking comments out of context or –

**THE COURT: I will admit Exhibit A, but, of course, subject to Mr. Greenblatt completing an errata sheet. If he wants to file it with the court, that's fine.**

MS. SILVER: Absolutely.

(Emphasis added.)
(*See* transcript of January 17, 2007 confirmation hearing before Judge Goldgar at pp. 59-61.)

2

Examples of Bankruptcy Court's impeachment of Mr. Greenblatt:

- Citing transcript of Rule 2004 examination of Mr. Greenblatt for his inability to recall when he graduated from high school, what his occupation had been since 1990, when he was registered with the Securities & Exchange Commission, whether he ever held any other form of license, whether the S.E.C. had ever investigated him, whether he signed South Beach's bankruptcy petition, who was involved in the daily operations of South Beach, how he met South Beach's only officer and director, and how long he had known him. (*See* Docket no. 130: Memorandum Opinion re: denial of confirmation at p. 3).

- Citing transcript of Rule 2004 examination of Mr. Greenblatt for his recalling the amount of the loan to NOLA as "three million two" but not recalling the amount of that loan at the confirmation hearing. (*See* Docket no. 130: Memorandum Opinion re: denial of confirmation at p. 5).

### Designation of Items for Appeal

1. Docket no. 83: Debtor's Chapter 11 plan of reorganization

2. Docket no. 89: Debtor's Chapter 11 disclosure statement

3. Docket no. 102: Report of balloting

4. Docket no. 106: United States Trustee's objection to confirmation of plan

5. Docket no. 118: Debtor's response to objection of United States Trustee to the adequacy of the Debtor's disclosure statement and confirmation of Debtor's plan of reorganization

6. Docket no. 124: Debtor's surreply in opposition to objection of United States Trustee to the adequacy of the Debtor's disclosure statement and confirmation of Debtor's plan of reorganization

7. Docket no. 126: Debtor's amended surreply in opposition to objection of United States Trustee to the adequacy of the Debtor's disclosure statement and confirmation of Debtor's plan of reorganization

8.  Docket no. 130: Memorandum Opinion re: denial of confirmation

9.  Docket no. 131: Order denying confirmation of Chapter 11 plan

10. Transcript of January 17, 2007 confirmation hearing before Judge Goldgar

LEON GREENBLATT, *pro se*

4

## CERTIFICATE OF SERVICE

Leon Greenblatt certifies that on the 12th day of December, 2007, he caused the foregoing Notice of Filing and Appellant Leon Greenblatt's Statement of Issues to be Presented and Designation of Content of Record on Appeal to be served upon the following parties via U.S. mail, postage prepaid.

| | |
|---|---|
| Scott R. Clar, Esq.<br>Crane, Heyman, Simon, Welch & Clar<br>135 S. LaSalle Street, Suite 3705<br>Chicago, IL 60603<br>Phone: (312)641-6777<br>Counsel for South Beach Securities, Inc. | Gregory Jordan<br>Polsinelli Shalton Flanigan Suelthaus, PC<br>Two Prudential Plaza<br>180 N. Stetson Ave., Ste. 4525<br>Chicago, IL 60601<br>Phone: (312)819-1900<br>Counsel for Leon Greenblatt |
| M Gretchen Silver<br>Cameron M. Gulden<br>U.S. Trustee's Office<br>227 W. Monroe Street, Ste. 3350<br>Chicago, IL 60606<br>Phone: (312) 886-3327<br>Counsel for U.S. Trustee William T. Neary | Louis D. Bernstein<br>Colleen McManus<br>Much Shelist Denenberg Ament & Rubenstein, PC<br>191 N. Wacker Dr. Ste. 1800<br>Chicago, IL 60606<br>(312)521-2100<br>Counsel for Scattered Corporation |

_____
LEON GREENBLATT, pro se